FILED

AUG 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellant/
Cross-Appellee,

v.

HERIBERTO SICAIROS-QUINTERO,

Defendant - Appellee/
Cross-Appellant.

Nos. 10-10295 and 10-10299

D.C. No. 1:09-cr-00271-OWW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before:     TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Following a jury trial, Heriberto Sicairos-Quintero was convicted of

manufacturing and aiding and abetting the manufacture of marijuana, in violation

of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and of carrying a firearm during and in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court imposed a 120-month sentence for the drug offense, and a concurrent 60-month sentence for the firearm offense. The government appeals the sentence, and Sicairos-Quintero cross-appeals his conviction. We have jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. We affirm the conviction, vacate the sentence, and remand for resentencing.

Sicairos-Quintero first contends that there was insufficient evidence that he knew or could reasonably foresee that there were 1,000 or more marijuana plants being manufactured. The parties stipulated that there were 7,143 marijuana plants being manufactured, and Sicairos-Quintero testified at trial that he spent 25 days living at the grow site, and that he would enter the marijuana garden to provide cigarettes to the workers. The two arresting officers testified that it was immediately obvious to them that there were thousands of plants at the site. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Sicairos-Quintero knew or could reasonably foresee that there were 1,000 or more marijuana plants being manufactured. *See United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011).

Sicairos-Quintero also contends that there was insufficient evidence that he carried a firearm during and in relation to a drug trafficking crime. Officers

arrested Sicairos-Quintero approximately 50 yards from an active marijuana garden and discovered a loaded pistol in his waistband. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Sicairos-Quintero was protecting the grow site and thus carried the firearm in relation to a drug trafficking offense. *See Shetler*, 665 F.3d at 1163; *United States v. Arreola*, 467 F.3d 1153, 1160 (9th Cir. 2006) (carrying of a firearm relates to the underlying drug offense where it facilitates the crime). We accordingly affirm Sicairos-Quintero's conviction.

As Sicairos-Quintero concedes, in light of the Supreme Court's recent decision in *Abbott v. United States*, a district court is required to impose a consecutive mandatory minimum sentence for a section 924(c) conviction. *See* 131 S. Ct. 18, 23 (2010) ("[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."). Accordingly, we vacate Sicairos-Quintero's sentence and remand for resentencing, because the district court ordered the sentence for Sicairos-Quintero's section 924(c) conviction to run concurrently with the sentence for his drug offense.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED for resentencing**.